United States District Court
Southern District of Texas
**ENTERED**
March 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. 4:18-CR-0580-01 |
| BELINDA RIOS | § § § § | |

## **MEMORANDUM AND ORDER**

The defendant, Belinda Rios (BOP #59486-479), is presently serving a 66-month prison sentence that she received as the result of her conviction for conspiracy to distribute a controlled substance. Citing concerns about her health and the COVID-19 pandemic, Rios has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. # 69]. After considering the motion and the applicable law, Rios's request for compassionate release will be denied for the reasons explained below.

### I.    BACKGROUND

A federal grand jury returned an indictment against Rios and a co-defendant, Marco Felix Ruiz-Soria, with conspiracy to possess with intent to distribute a controlled substance, namely methamphetamine [Doc. # 19, at 1]. Rios pled guilty to the charges against her pursuant to a written plea agreement [Docs. # 34]. The Court accepted Rios's guilty plea and directed the Probation Office to prepare a

Presentence Report ("PSR") under the United States Sentencing Guidelines ("U.S.S.G.") for purposes of determining her sentence [Doc. # 35].

The Probation Office determined that Rios was accountable for 4.9 kilograms of methamphetamine, which she was caught smuggling to Texas from California [Doc. # 48, at 4-5]. Based on the quantity of drugs, the Probation Office initially calculated a base offense level of 38, but concluded that she was entitled to a reduction of 3 levels for acceptance of responsibility, resulting in a total offense level of 35 [*Id.* at 7]. The Probation Office subsequently amended the PSR, decreasing the total offense level to 29 due to Rios's minor role in the offense and other factors [Doc. # 49, at 2]. With three criminal history points for a prior conviction entered against her in California state court in 2011, which placed her in Criminal History Category II [Doc. # 48, at 8-9], Rios faced a potential range of 97 to 121 months' imprisonment [Doc. # 49, at 2].

The government filed a motion for downward departure based on Rios's minor role and her cooperation, requesting a sentence of no less than 72 months [Doc. # 55, at 3]. At the sentencing proceeding, the Court determined that a below-guideline sentence of 66 months in prison was appropriate [Doc. # 66, at 2-3]. Rios is currently serving her 66-month sentence at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"). *See* United States Bureau of Prisons website, available at: https://www.bop.gov/inmateloc/ (last visited March 25, 2021). Rios,

who is 43 years of age, has a projected release date in May 2022. *See id.*

On February 8, 2021, the Court received a hand-written letter from Rios, requesting compassionate release from prison due to several medical conditions and the COVID-19 pandemic [Doc. # 67, at 1-2]. The Court denied the request without prejudice to re-asserting another motion for compassionate release after Rios complied with the administrative exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A) [Doc. # 68, at 2]. On March 22, 2021, Rios submitted the pending motion for a sentence reduction or compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that she is at increased risk for serious illness or death due to COVID-19 because she has "Type 2 Diabetes, Hodgkin's Lymphoma, Essential (Primary) Hypertension, Hypothyroidism, High Cholesterol, Anemia, and Heart Issues" [Doc. # 69, at 5].

## II.   DISCUSSION

### A.   Reductions in Sentence under 18 U.S.C. § 3582(c)(1)(A)

A district court is authorized to modify a term of imprisonment for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec. 21, 2018), upon motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal," if the court finds that:

     i.    "extraordinary and compelling reasons warrant a reduction;" or

     ii.    the defendant is at least 70 years of age, has served at least 30 years in prison, and "a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community[.]"

18 U.S.C. § 3582(c)(1)(A). It appears that Rios complied with the exhaustion requirement by filing her motion for compassionate relief after her administrative request for release was denied by the warden on March 9, 2021 [Doc. # 69, at 3]. The Court therefore will consider whether she demonstrates that there are "extraordinary and compelling reasons" to grant her early release.

Any reduction under § 3582(c)(1)(A) must comply with the applicable policy statement articulated by the United States Sentencing Commission. *See* U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018) (reflecting the applicable policy statement on reductions to a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)). If "extraordinary and compelling reasons" are found to exist, the policy statement found in U.S.S.G. § 1B1.13(2) authorizes early release only if the court finds that the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." Decisions about whether to grant or deny a motion for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the reviewing court's consideration of the applicable policy statement and other sentencing factors found in 18 U.S.C. § 3553(a). *See United States v.*

*Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted).

    **B.**    **Rios is Not Entitled to Relief**

The Court has examined the motion submitted by Rios and concludes that she does not show that extraordinary and compelling reasons are present or that she meets the criteria for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The current policy statement reflects that consideration for release is limited to the following circumstances:

    A. Medical Condition of the Defendant. —

        i.    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        ii.    The defendant is —

            I.    suffering from a serious physical or medical condition,

            II.    suffering from a serious functional or cognitive impairment, or

            III.    experiencing deteriorating physical or mental health

>>because of the aging process,

>>>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

>B. Age of the Defendant. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

>C. Family Circumstances.

>>i. The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>>ii. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>D. Other Reasons. — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. SENTENCING GUIDELINE MANUAL § 1B1.13, cmt. n. 1 (U.S. Sentencing Comm'n 2018).

Rios states that she has a number of medical conditions, but she has provided no medical records or other evidence in support to document the seriousness of her health issues. When interviewed by the Probation Office for the PSR, Rios reported that she had diabetes, hypertension, and a thyroid condition, which were controlled

with insulin and other medication [Doc. # 48, at 12]. The Court does not discount the seriousness of the health conditions referenced in her motion, including her allegation that she now has a diagnosis of Hodgkin's Lymphoma, which is a form of cancer. However, she does not provide evidence or allege facts about her diagnosis, the treatment she is receiving, or her prognosis.

Based on this record, Rios does not demonstrate that she is currently suffering from a terminal illness or that she is over the age of 65 and suffers from a serious condition that substantially diminishes his ability to provide self-care within the correctional setting. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(B). Likewise, she does not establish extenuating family circumstances or that other reasons warrant relief. *See id*. § 1B1.13, cmt. n.1(C)-(D). Because Rios does not show that she fits within any of the categories found in U.S.S.G. § 1B1.13 cmt. n.1, she fails to establish an extraordinary or compelling basis for compassionate release. *See United States v. Rivas*, 833 F. App'x 556, 558-60 (5th Cir. Nov. 2, 2020) (per curiam) (discussing the factors in the policy statement found in in U.S.S.G. § 1B1.13 cmt. n.1 (A)-(D) and concluding that the defendant failed to show that any applied).

In support of her request for relief, Rios presents evidence showing that she has completed her GED and 27 educational programs while at FCI-Dublin [Doc. # 69, at 8]. While these efforts are commendable, it is well established that rehabilitation, standing alone, cannot qualify as "extraordinary and compelling

7

reasons to warrant a reduction" for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A)(i). *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)).

To the extent that Rios expresses concern about contracting COVID-19 while incarcerated, publicly available information shows that the BOP has taken numerous steps to stop the virus's spread within the prison environment and that efforts are underway to vaccinate the entire prison population and prison staff. *See* United States Bureau of Prisons website, available at: http://bop.gov/coronavirus (last visited March 25, 2021) (indicating that there are 125,738 federal inmates held in BOP-managed institutions and that there have been 97,566 doses of the vaccine administered to date). This information further reflects that there are currently no reported positive cases of COVID-19 among the inmate population at FCI-Dublin, where Rios is confined.

Rios admits that she has been vaccinated with the COVID-19 vaccine [Doc. # 69, at 5]. Although Rios contends that she remains "highly susceptible" due to variants of the virus, she does not allege specific facts showing that she is at serious risk at this facility [*Id.*]. The Fifth Circuit has held that fear of COVID-19, standing alone, does not warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d

8

Cir. 2020) (observing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Thus, "a prisoner cannot satisfy [her] burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak." *United States v. Koons*, 455 F. Supp. 3d 285, 290-91 (W.D. La. 2020).

In addition to the policy statement that governs requests for compassionate release, the Court has also carefully reviewed the record in this criminal case. The record reflects that Rios was accountable for trafficking nearly 5 kilograms of methamphetamine, which is a dangerous drug [Doc. # 48, at 5]. The Court granted Rios a substantial downward departure from the range of imprisonment recommended by the Probation Office, which was between 97 to 121 months [Doc. #49, at 2; Doc. # 66, at 1]. Rios, who has been in custody since August 24, 2018, has only served 31 months of the 66-month sentence that she received. With a projected release date in May 2022, she has just over 13 months left to serve with credit for good conduct.

After reviewing the entire record and weighing all of the relevant factors, the Court finds that a balance of the sentencing factors found in 18 U.S.C. § 3553(a) do

not support a further reduction in sentence because her release would result in a sentence that does not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes. Because Rios has not met her burden to show that she is entitled to release for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), her motion will be denied at this time.

### III. CONCLUSION AND ORDER

Accordingly, it is **ORDERED** that motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Belinda Rios [Doc. # 69] is **DENIED without prejudice** to re-submitting a request for relief if her medical condition should deteriorate, provided that any new request by Rios includes documentation in the form of medical records or other evidence regarding her diagnosis, treatment, and prognosis.

The Clerk will provide a copy of this order to the parties of record.

SIGNED at Houston, Texas on __March 27_____, 2021.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE